**FILED**

JEFFREY A. APPERSON, CLERK

OCT 1 8 2007

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* Suzette L. Sewell-Scheuermann | ) | |
| | ) | |
| | ) | |
| **PLAINTIFF** | ) | Civil Action No: $3:07cv-565-C$ |
| | ) | |
| | ) | |
| v. | ) | **COMPLAINT FILED *IN CAMERA*** |
| | ) | **AND UNDER SEAL** |
| | ) | **Pursuant to 31 U.S.C. § 3730(b)(2)** |
| | ) | |
| DR. STEVEN H. STERN | ) | **TRIAL BY JURY REQUESTED** |
| | ) | |
| Serve: | ) | |
| Dr. Steven H. Stern | ) | |
| 100 East Liberty St., Se. 700 | ) | |
| Louisville, Kentucky 40202 | ) | |
| | ) | |
| KENTUCKIANA CENTER FOR | ) | |
| BETTER BONE AND JOINT | ) | |
| HEALTH, PLLC | ) | |
| | ) | |
| Serve: | ) | |
| Dr. Steven H. Stern | ) | |
| 100 East Liberty St., Se. 700 | ) | |
| Louisville, Kentucky 40202 | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

## COMPLAINT

Plaintiff United States of America, *ex rel.* Suzette L. Sewell-Scheuermann, states as follows for its cause of action against the Defendants:

### JURISDICTION AND VENUE

1.    This is an action to recover damages and civil penalties arising out of false claims presented by Defendants to the United States. The action arises under the provisions of Title 31 U.S.C. § 3729, *et. seq.*, the False Claims Act (the "Act"), which provides that the United States shall have exclusive jurisdiction of actions brought under the Act.

2.      Subject matter jurisdiction in this Court is therefore based upon 28 U.S.C. §
1331 and 31 U.S.C. § 3732.

3.      Section 3732(a) of the Act provides that "[a]ny action under 3730 may be
brought in any judicial district in which the defendant or, in the case of multiple defendants,
any one defendant can be found, resides, transacts business, or in which any act proscribed
by section 3729 occurred." An act proscribed by section 3729 occurred in the Western
District of Kentucky, including Jefferson County, Kentucky, which is located in the
Louisville Division of the Western District of Kentucky.

4.      Pursuant to LR 3.2(a)(3)(A), the Louisville Division is the appropriate
assignment of this case in the Western District of Kentucky.

5.      Under the Act, this Complaint is to be filed *in camera* and remain under seal
for a period of at least sixty days and shall not be served on the Defendants until the Court
so orders. The United States may elect to intervene and proceed with the action within sixty
days after it receives the complaint, material evidence, and any other necessary information.

6.      As required by the Act, 31 U.S.C. § 3730(b)(2), Relator has provided to the
Attorney General of the United States and to the United States Attorney for the Western
District of Kentucky, simultaneously with the filing of this Complaint, a statement of
substantially all material evidence and information related to this Complaint. This disclosure
statement is supported by evidence establishing the Defendants' submission of false claims
to the government.

## PARTIES

7.      The United States of America is the Plaintiff in this action. At all times
material to this Complaint, the Department of Health and Human Services ("HHS") and the
Centers for Medicare and Medicaid Services ("CMS" or "Medicare") were agencies and
instrumentalities of the United States, and their activities, operations, and contracts were
paid from federal funds. Medicare is a federal health care program.

2

8.     Relator Suzette L. Sewell-Scheuermann is a resident and citizen of the United States of America. She worked with and was employed with the Defendants.

9.     Defendant Dr. Steven H. Stern ("Dr. Stern") is a physician licensed to practice medicine in Kentucky. For all times relevant to this Complaint, Dr. Stern was a provider for Medicare.

10.    Defendant Kentuckiana Center for Better Bone and Joint Health, PLLC ("KCB") provides medical services through its physician and owner, Dr. Stern. For all times relevant to this Complaint, KCB was a provider for Medicare.

## FACTS

11.    From a time unknown, but no later than in or about February of 2001 through the present, the federal government, through Medicare reimbursements, paid the Defendants for false claims for patient services and drugs.

12.    The Defendants' claims for false services and drugs center on in-office services for Infliximab (also known under its commercial name, Remicade) infusions, billed by Dr. Stern and/or KCB.

13.    Medicare providers only receive reimbursement for covered services that, when furnished, the medical provider was "qualified to have payment made to them." 42 CFR § 424.5(a). Medicare only makes payments to providers for medical services when those providers have complied with the respective federal health care program's rules and policies, including requirements under federal and/or state laws and regulations.

14.    The Defendants falsely billed, caused to be billed, and/or conspired to bill Medicare for three schemes: (1) charging for more milligrams of Infliximab than allowed under Medicare rules; (2) upcoding Infliximab infusion times to improperly receive reimbursement for services not rendered; and (3) improperly billing Medicare for patients who were being seen for research purposes.

15.    For charging for more milligrams of Infliximab than allowed under Medicare rules, the Defendants would treat Medicare patients who were to receive a certain amount of

milligrams of the drug. Under Medicare billing rules, Infliximab is to be billed in ten (10) milligram increments. Vials of Infliximab come in one hundred (100) milligram increments. If a patient receives, for example, 340 milligrams, then Medicare authorizes reimbursement of 400 milligrams **if** the other 60 milligrams are wasted and not used on another patient. If those additional 60 milligrams are used for another patient or patients, providers cannot double bill Medicare for both "wasted" milligrams and for the same milligrams being used on another patient. Defendants would round up their Medicare billing to the next one hundred milligrams and use the remaining Infliximab for another patient or patients. Defendants would improperly double-bill Medicare for Infliximab.

16.     For upcoding Infliximab infusion times to improperly receive reimbursement for services not rendered, Defendants did not follow AdminaStar Federal's Local Coverage Determination L19176 (the "LCD"). Instead of following the LCD, the Defendants would bill Medicare improperly by upcoding CPT Codes 96413 and/or 96415, or their predecessor codes, when, in reality, the Defendants' infusion times for Medicare patients did not meet the LCD requirements for these codes because such times were too short to qualify for Medicare reimbursement.

17.     For improperly billing Medicare for patients who were being seen for research purposes, Defendants improperly billed Medicare for evaluation and management services when, in reality, the Medicare patients' evaluation and management services had already been paid by a third party research company and, as such, was not reimburseable by Medicare.

18.     The payment of claims by the government for health care services by the Defendants were a result of falsifying billings to meet government payer requirements, were false when submitted, and were made with the intention to induce the United States to pay such claims, to which the United States did.

## CAUSES OF ACTION

### COUNT I
### FALSE CLAIMS ACT - 31 U.S.C. § 3729(a)(1)
### KNOWINGLY PRESENTING OR CAUSING TO BE PRESENTED A FALSE CLAIM

19.    Paragraphs 1 through 18 are realleged as though fully set forth herein.

20.    From at least February of 2001 through the present, Defendants knowingly presented, or caused others to present, to an officer, employee or agent of the United States ("Government") false or fraudulent claims for payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

21.    As used herein, the word "knowingly" means that a person, with respect to information (a) has actual knowledge of the information, (b) acts in deliberate ignorance of the truth or falsity of information, or (c) acts in reckless disregard of the truth or falsity of the information.

22.    Because of Defendants' acts, the Government sustained damages.

### COUNT II
### FALSE CLAIMS ACT - 31 U.S.C. § 3729(a)(3)
### CONSPIRACY TO SUBMIT FALSE CLAIMS

23.    Paragraphs 1 through 22 are realleged as though fully set forth herein.

24.    From at least February of 2001 through the present, Defendants knowingly made, used, or caused to be made or used, false records or statements to get a false or fraudulent claim allowed or paid in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

25.    Defendants conspired to defraud the Government by having a false or fraudulent claim allowed or paid in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

26.    Because of Defendants' acts, the Government sustained damages.

WHEREFORE, Plaintiff respectfully requests:

1.  That a judgment be entered against Defendants in the amount of the false claims paid;

2.  That the amount of such judgment be trebled pursuant to 31 U.S.C. § 3729(a);

3.  That a civil penalty in an amount not less than $5,000.00, nor more than $11,000.00, per violation be imposed upon the Defendants;

4.  That this Court award Relator the maximum recovery allowed under 31 U.S.C. § 3730(d);

5.  That this Court grant such other and further relief, in law or in equity, as to which Plaintiff and Relator may be entitled; and

6.  That Plaintiff be granted a jury trial.

Respectfully submitted,

FURMAN NILSEN & LOMOND, PLLC

C. Dean Furman
2527 Nelson Miller Parkway, Ste. 101
Louisville, Kentucky 40223
(502) 245-8883
(502) 244-8383 (facsimile)

*Counsel for Relator*

## VERIFICATION

The undersigned hereby certifies to the best of his knowledge and belief the accuracy

of the foregoing statements.

_Suzette Sewell Scheuermann_

Suzette L. Sewell-Scheuermann

COMMONWEALTH  OF KENTUCKY )
)SS:
STATE-AT-LARGE )

Subscribed, sworn to and acknowledged before me this 16th day of October, 2007, by Suzette L. Sewell-Scheuermann.

My Commission Expires: 6/28/2010

Notary Public, State at Large

## CERTIFICATE OF SERVICE

This will certify that a true copy of this Complaint, the Disclosure Statement, and the Motion to Seal was this 18th day of October, 2007, mailed via registered mail to the Hon. Peter D. Keisler, Acting United States Attorney General, 5111 Main Justice Bldg., 10th St. & Constitution Ave., N.W., Washington, D.C. 20530, and hand-delivered to Hon. David L. Huber, United States Attorney for the Western District of Kentucky.

C. Dean Furman